NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIMAS REYNALDO VILLATORO CASTOR, AKA Dimas Reynaldo Izaguirre Castro, AKA Omar Villatoro, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No.  18-71024 <br><br> Agency No. A205-310-447 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2026[**]
Pasadena, California

Before:  LEE, KOH, and DE ALBA, Circuit Judges.

Dimas Reynaldo Villatoro Castor ("Petitioner"), a native and citizen of

Honduras, petitions for review of the decision by the Board of Immigration

Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Dkt. No. 40; Fed. R. App. P. 34(a)(2).

("IJ") denying Petitioner's application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and request for post-conclusion voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

"Where the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012. "We review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief" and reverse only if the "evidence . . . compels the conclusion that these findings . . . are erroneous." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (internal quotation marks and citation omitted). We review *de novo* the legal question of whether a particular social group ("PSG") is cognizable given the facts contained in the record. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241–42 (9th Cir. 2020).

1.      Substantial evidence supports the agency's conclusion that Petitioner did not timely file his asylum application by the one-year deadline or qualify for an exception to that requirement. *See* 8 U.S.C. § 1158(a)(2)(B). Petitioner alleges that he entered the United States in 2005 but did not file for asylum until approximately eight years later, in 2013. Additionally, Petitioner failed to justify his delayed filing because he did not demonstrate "changed circumstances which

2

materially affect" his eligibility for asylum.  *Id.* § 1158(a)(2)(D); *see Ruiz v. Bondi,* 163 F.4th 586, 590 (9th Cir. 2025) ("[W]e have jurisdiction to review determinations under § 1158(a)(2)(D).").  Petitioner merely stated to the BIA that his "fear increased" when he learned of the death of his friend in 2011 and threats made against his brother "four or five years" before Petitioner's hearing before the IJ in 2017.  Petitioner claims that these events constituted changed circumstances.  However, we have held that "[n]ew evidence confirming what [Petitioner] already knew . . . does not constitute changed circumstances" in a similar case where the petitioner also cited the death of his friend as a changed circumstance.  *See Budiono v. Lynch*, 837 F.3d 1042, 1047 (9th Cir. 2016).  Petitioner does not explain how the death of his friend and threats made against his brother serve to do more than confirm what he already knew.  Thus, such information does not materially affect Petitioner's eligibility for asylum.

2.  The agency properly denied withholding of removal because it correctly concluded that Petitioner did not establish a cognizable PSG.  To qualify for withholding of removal, Petitioner must demonstrate "by a preponderance of the evidence" that "he will face persecution on account of a protected ground if removed."  *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1039 (9th Cir. 2024) (quoting *Iraheta-Martinez v. Garland*, 12 F.4th 942, 955 (9th Cir. 2021)); 8 U.S.C. § 1231(b)(3)(A).  Petitioner alleges that he suffered past persecution and fears

future persecution on account of his membership in the PSG of "Honduran men who have continuously refused gang membership and are now key witnesses to gang-related crime." Even if we assume that the harm that Petitioner suffered rises to the requisite level of persecution or that he has a well-founded fear of future persecution, his PSG is not cognizable. A cognizable PSG is a group that is "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)); *see also Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016) (concluding that "the BIA's interpretation in . . . *M–E–V–G–* of the ambiguous phrase 'particular social group,' including the BIA's articulation of the 'particularity' and 'social distinction' requirements is reasonable and entitled to *Chevron* deference"); *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) ("The holdings of those cases [decided under *Chevron*] that specific agency actions are lawful . . . are still subject to statutory *stare decisis* despite our change in interpretive methodology.") (citing *Chevron U.S.A. Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984)).

Neither part of Petitioner's proposed PSG is cognizable. First, we have held that mere refusal to join a gang does not constitute a PSG. *Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (noting that such a group lacks particularity and

4

social distinction).  Second, even though we have recognized that those who testify against gang members in a criminal trial can be members of a PSG, *see Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013), Petitioner never reported the crime to the police and fled Honduras soon after the 2004 crime.  Moreover, we have concluded that being merely a witness to a crime cannot define a PSG.  *See Aguilar-Osorio v. Garland*, 991 F.3d 997, 999–1000 (9th Cir. 2021) (the proposed PSG of "witnesses who . . . could testify against gang members based on what they witnessed" is not socially distinct), *abrogated on other grounds by Wilkinson v. Garland*, 601 U.S. 209, 217 n.2 (2024).

Petitioner's argument that the PSG is socially distinct because gang members would recognize him is incorrect.  *See Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020) (the social distinction requirement "refers to general social perception" and is "not . . . assessed from the perspective of the persecutors" (citations omitted)); *see also Conde Quevedo v. Barr*, 947 F.3d at 1242–43 (petitioner failed to establish that those "who report the criminal activity of gangs to police" were socially distinct because petitioner provided no "country reports, background documents, or news articles" to establish distinction).

3.     Substantial evidence supports the agency's determination that Petitioner is not entitled to relief under the CAT because he failed to show he is more likely than not to be tortured if returned to Honduras.  8 C.F.R.

5

§ 1208.16(c)(2). Petitioner only refers to general country conditions in Honduras and argues generally that Honduran gangs are "known to use whatever means necessary to carry out their criminal activity." Thus, Petitioner failed to "demonstrate that he would be subject to a *particularized threat* of torture." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (emphasis in original) (internal quotation marks and citation omitted); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard.").

4. We lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. § 1229c(f); *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (the Court's jurisdiction over challenges to the denial of voluntary departure is limited to constitutional claims or questions of law). Petitioner did not raise either a constitutional claim or a question of law in his challenge to the agency's denial of voluntary departure. Instead, he merely argues that the agency should have made a different equitable determination.

**PETITION DENIED.**